UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Linda SCANDUL,<br>    *Plaintiff*,<br>v.<br>STUDENT TRANSPORTATION OF AMERICA, INC., et al.,<br>    *Defendants*. | Civil No. 3:16-cv-58 (JBA)<br><br>March 22, 2017 |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Linda Scandul ("Plaintiff" or "Ms. Scandul") brings this diversity action claiming significant injuries received when her car was rear-ended by a school bus owned by Defendant Student Transportation of America ("STA") and driven by STA's employee, Defendant Mary Pryce ("Ms. Pryce") while Plaintiff was stopped in a lane of traffic waiting to turn left from Post Road onto Field Road in Greenwich, Connecticut. Plaintiff's First Amended Complaint [Doc. # 21] asserts six counts: (1) common law negligence against Ms. Pryce; (2) statutory recklessness under Conn. Gen. Stat. § 14 – 295 against Ms. Pryce; (3) common law recklessness against Ms. Pryce;[1] (4) common law negligence, negligent hiring, training, supervision, and retention against STA; (5) vicarious liability against STA under Conn. Gen. Stat. § 14-295; and (6) common law vicarious liability against STA. Defendants seek to dismiss Counts Two, Three, and Five and to dismiss, or in the alternative, to strike portions of Count Four. For the following reasons, Defendant's motion to dismiss is GRANTED with respect to Count Five and DENIED with respect to Counts Two and

---

[1] The allegations for Counts Two and Three are identical; they differ only in how plaintiffs have titled them. Count Two is entitled: "Mary L. Pryce – Statutory Recklessness Pursuant to Conn. Gen Stat. § 14-295;" Count Three is entitled: "Mary L. Pryce – Common Law Recklessness." The numbering of the paragraphs also differs.

Three. Defendant's motion to strike the request for punitive damages under Count Four is GRANTED.

I. **Background**

The Complaint alleges that around 8:30 AM on March 31, 2015 a school bus driven by Defendant Mary Pryce and owned by Defendant STA rear-ended Plaintiff's Honda, causing significant injuries. (Amended Complaint ("Compl.") [Doc. # 21] at § 25-26.) Plaintiff was traveling east on Post Road in Greenwich, Connecticut and had come to a complete stop in the northernmost east-bound lane while waiting to turn left. (*Id.* at § 45.) The collision propelled her car forward nineteen feet. (*Id.* at § 27.)

Plaintiff alleges on information and belief that the bus was driving too fast for the conditions, that the driver, Defendant Pryce, turned her attention away from the roadway, and that the bus driver failed either to swerve to avoid the collision or to honk. (*Id.* at §§ 47-49.) Plaintiff alleges that Defendant Pryce admitted she could not see Plaintiff's car because of "intense sun glare." (*Id.* at § 50.)

Plaintiff also alleges a series of fourteen alternative grounds on which STA should be held liable for failure to properly train or supervise, including that the bus was not properly equipped with brakes or steering mechanisms, that STA permitted Ms. Pryce to drive while impaired, that STA failed to maintain proper records, that STA failed to ensure that Ms. Pryce had proper driving skills, that STA failed to conduct adequate background checks, and other reasons.

II. **Discussion**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed

allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations are not sufficient. *Id.* at 678–79; *see also* Fed. R. Civ. P. 12(b)(6).

Defendants move to dismiss Counts Two and Three on the ground that Plaintiff has not pled facts sufficient to support a cause of action for statutory or common law recklessness, as opposed to mere negligence. Defendants move to strike the request for punitive relief from Count Four. Defendant moves to dismiss Count Five because a Plaintiff cannot recover multiple damages from a defendant who is only vicariously liable under Connecticut law.

### A.     Count Three: Common Law Recklessness as against Mary Pryce

Counts Two and Three are identical except for the caption beneath the section heading, the second count seeking multiple damages for "statutory recklessness" pursuant to Conn. Gen. Stat. § 14-295, and the third seeking damages for "common law recklessness." Defendants challenge the sufficiency of the pleadings to support allegations of recklessness under either theory. Since statutory recklessness requires the same level of culpability as common law recklessness, the analysis will first address Count Three, common law recklessness.[2] *See Deckler v. Olander*, No. 3:12-CV-00277, 2014 WL 359064, at *2 (D. Conn. Feb. 3, 2014) (holding that under *Bishop v. Kelly*, 206 Conn. 608, 614 (1988), the same level of culpability is required for common law and statutory recklessness).

---

[2] In addition to culpability, statutory recklessness under Conn. Gen. Stat. § 14-295 requires proof of two additional elements: (i) proof of violation of one of an enumerated list of regulations and (ii) proof that the violation was a "substantial factor" in causing the injury. *See Ghimbasan v. S & H Exp., Inc.*, 814 F. Supp. 2d 120, 123 (D. Conn. 2011). Statutory recklessness is discussed more fully in Section B.

In Connecticut, "[r]ecklessness is a state of consciousness with reference to the consequences of one's acts." *Dubay v. Irish*, 542 A.2d 711, 718 (Conn. 1988). Recklessness is "more than negligence, more than gross negligence." *Bordonaro v. Senk*, 109 Conn. 428, 429 (1929). "Although the state of mind amounting to recklessness may be inferred from conduct, to infer the proper state of mind, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." *Lee v. Coss*, 201 F.3d 431 (2d Cir. 1999), *citing Dubay*, 542 A.2d at 718. In short, recklessness is "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." *Dubay*, 542 A.2d. at 719.

> [W]illful, wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention.

*Deckler*, 2014 WL 359064, at *2 (*citing Craig v. Driscoll*, 262 Conn. 312, 342-43 (2003)). As the Connecticut Supreme Court has pointed out, "[r]ecklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." *Bishop v. Kelly*, 206 Conn. 608, 614 (1988).

Connecticut cases dealing with motor vehicle accidents reflect that a driver's conscious decision to look away from the road or to continue driving while distracted suffice to support claims of driver recklessness. *See Duquette v. Daversa*, No. CV-15-6059209-S, 2016 WL 1578263 (Conn. Super. Ct. New Haven, Mar. 29, 2016 (Lager, J.)) (finding allegations of recklessness sufficient where "[the driver] knew she was operating a motor vehicle on a heavily traveled public

4

highway and that it was dangerous to look in a direction other than that in which she was traveling, but that she consciously decided to take her eyes off the road.); *see also Titus v. Holcomb*, No. LLICV136009681S, 2014 WL 1345322, at *3 (Conn. Super. Ct. Mar. 11, 2014 (Danaher, J.)) (finding allegations sufficient where the defendant drove through a stop sign into the path of an approaching vehicle that was clearly visible because of its headlights: "the defendant was distracted and, therefore, possessed the state of mind necessary for a recklessness claim.")

Defendants focus on the degree of danger necessary and argue that recklessness requires much more egregious conduct than mere distraction, citing a case in which a driver was convicted of second degree manslaughter for killing a cyclist while driving more than 80 miles per hour in a forty-five mile per hour zone on a foggy night and trying to pass a car moving at the speed limit. *State v. Weaving*, 125 Conn. App. 41 (2010). While the facts in *Weaving* clearly would support a jury finding of recklessness, they do not demark the lower limits of the factual pleading required for a count of recklessness to survive a motion to dismiss in federal court.

Here, the key allegation in the Plaintiff's complaint, stripped of conclusory adverbs and legal conclusions, reads:

> [T]he Defendant . . . continued to operate her vehicle towards and into an intersection, without stopping or slowing, at a time when she . . . could not see in front of her because of the intense sun glare . . . .

Compl. ¶¶ 54a/68a. The issue is whether the decision to proceed in traffic without stopping or slowing despite virtual blindness due to sun glare is legally sufficient to support an allegation of recklessness.

Plaintiff points out that an identical pleading survived a motion to dismiss in *Lewis v. Vanhorn*, in which the plaintiff alleged that the defendant "continued to operate her vehicle

without slowing or stopping, at a time when she allegedly could not see in front of her because of sun glare." No. CV075013724S, 2008 WL 249098 at *1 (Conn. Super. Ct. New Haven, Jan. 2, 2008 (Corradino, J.)). The *Lewis* court reasoned that a "person acting in the way alleged while driving a motor vehicle would be acting in a highly unreasonable way and by continuing to drive would have made a conscious choice to do so despite the danger to others." *Id.*

Without allegations of sun glare or some other factor that would involve a driver making a conscious decision to continue driving despite risk, a claim for recklessness would not survive. *Mulvey v. Aivano*, No. CV075016014S, 2008 WL 2345875 (Conn. Super. Ct. New Haven, May 19, 2008 (Corradino, J.)).

Since driving with sun glare is a common occurrence, especially on the east-west roads in Connecticut, but not all drivers at sunrise and sunset are *per se* reckless, a plaintiff must claim some purposeful or intentional conduct in continuing to drive while vision is impaired or attention is distracted. Here, Plaintiff has alleged that there was no alteration in Ms. Pryce's manner of driving despite the onset of the glare in her face. It is the decision to continue driving at the same speed and in the same fashion—without braking, honking, or decelerating—despite recognizing that she was temporarily blinded that is sufficient to support an allegation of recklessness at this stage.

### B.    Count Two: Statutory Recklessness as against Mary Pryce

Plaintiff's Second Count alleges statutory recklessness against the bus driver, Mary Pryce under Conn. Gen. Stat. § 14-295.[3] As discussed above, the requisite level of culpability has been

---

[3] Conn. Gen. Stat. § 14-295 states that

> In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-

alleged. However, two further elements must be pleaded to successfully allege statutory recklessness: (1) violation of one or more of the statutes enumerated in Section 14-295, and (2) that the violation constituted a substantial factor in causing the injury. *Ghimbasan*, 814 F. Supp. at 123.

To properly allege the first element, Plaintiff must plead violation of one of the enumerated rules-of-the-road regulations listed in the statute. As relevant here, § 14-218a prohibits traveling at a rate of speed "greater than is reasonable, having regard to the width, traffic, and use of highway, . . . the intersection of streets and weather conditions;" § 14-219 prohibits speeding; and § 14-222 prohibits reckless driving. Plaintiff sufficiently alleges this element by pleading that the Defendant

> recklessly, deliberately, and with conscious disregard for others continued to operate her vehicle towards and into an intersection, without stopping or slowing, at a time when she allegedly could not see in front of her because of the intense sun glare although she knew or should have known that this would seriously endanger other traffic on the roadway, including the Plaintiff in violation of §14-222 and §14-218a. . . . Defendant recklessly violated C.G.S. §14-218a, §14-219, §14-222 and/or §14-240a.

(Compl. ¶¶ 54(a), 56.) Plaintiff also sufficiently alleges the second element by alleging, however formulaically, that Defendant's conduct was a "substantial factor in causing the Plaintiff's injuries and damages." (Compl. ¶ 56.)

### C. Count Four: Negligence, Negligent Hiring, Training, Supervision, and Retention

---

219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property. The owner of a rental or leased motor vehicle shall not be responsible for such damages unless the damages arose from such owner's operation of the motor vehicle.

Plaintiff's Fourth Count alleges that the "accident and resulting injuries, damages, and losses sustained by Plaintiff were the direct and proximate result of the carelessness, negligence, negligence *per se* and recklessness of the Defendant, Student Transportation of America . . .[in hiring, training, and supervising Defendant Pryce.]" (Compl. ¶ 73) and asserts "Plaintiff has been damaged and is also entitled to exemplary, double, and/or treble damages and the costs, disbursements, and attorneys' fees attendant to this action . . . and has otherwise been damaged in an amount to be determined by a trier of fact in a sum not to exceed $10,000,000." (Compl. ¶ 74.) Defendant moves to dismiss this Count, or, in the alternative, to strike the portion of the Count seeking punitive damages. It initially argues that Plaintiff never explicitly seeks compensatory damages in this count despite the fact that Plaintiff advances a negligence theory. The Court accepts Plaintiff's interpretation of Count Four as claiming both compensatory damages as well as punitive damages. ("Plaintiff has been damaged *and is also* entitled to [punitive damages]" (emphasis added).)[4]

Defendant then argues that under the case law, negligence cannot give rise to punitive damages. "The rule in [Connecticut] as to torts is that punitive damages are awarded when the evidence shows a reckless indifference to the rights of another or an intentional and wanton violation of those rights." *Whitaker v. Taylor*, 99 Conn. App. 719, 730 (2007) (internal citations omitted). "Such tortious conduct must be alleged in terms of wanton and malicious injury, evil motive and violence, for punitive damages may be awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." *L.F. Pace*

---

[4] Defendant also suggests that, insofar as this Count seeks punitive damages for vicarious liability, it should be dismissed under the same theory as Court V, discussed below. Defendant's suggestion is misplaced, since Count IV clearly targets STA's hiring and training practices.

*& Sons v. Travelers Indemnity Co.*, 9 Conn. App. 30, 48 (1986), *cert. denied*, 201 Conn. 811 (internal citations omitted).

Plaintiff has not alleged recklessness or wanton misconduct in STA's supervision or hiring of Ms. Pryce. The only allegation of recklessness in the complaint concerns Ms. Pryce's decision to continue driving while blinded by sun glare. Absent any allegation of recklessness in the hiring or supervision of Ms. Pryce, punitive damages (exemplary or multiple damages) are not available. Defendant's motion to strike that relief is granted and Plaintiff may only pursue compensatory damages under Count Four. *See Douglas v. American Cyanamid Co.*, 472 F. Supp. 298, 304 (D. Conn. 1979) (striking Plaintiff's prayer for punitive and psychological damages after finding such damages were not available under the ADEA).

### D. Count Five: Statutory Vicarious Liability Against STA

Plaintiff's Fifth Count seeks "double and/or treble damages" from STA, the owner of the school bus driven by Defendant Pryce, under a theory of vicarious liability. (Compl. at § 83.) Defendant argues that these damages are punitive and that punitive damages are not available under theories of vicarious liability. Plaintiff responds that there is a clear distinction between multiple damages on the one hand and punitive damages on the other, and even if the common law does not make *punitive* damages available under theories of vicarious liability, § 14-295 makes *multiple* damages available, and the common law does not reach multiple damages. (*See* Pl.'s Reply [Doc. # 36] at 5.)

Because "[n]o Connecticut appellate court has addressed the issue of whether an employer may be held vicariously liable for statutory damages assessed pursuant to § 14–295" *Villard v. Shoreline Pools Serv., Inc.*, No. FSTCV106007372S, 2011 WL 4089594, at *4 (Conn. Super. Ct. Aug.

19, 2011 (Tobin J.)) and the state superior courts are split on the issue, the Court must predict what the Connecticut Supreme Court would likely do if presented with this issue.

Defendant argues that Conn. Gen. Stat. § 14-295, which authorizes multiple damages for one who "operates" a vehicle, should not be read to abrogate the common law and provide punitive damages under theories of vicarious liability. Defendant further maintains that the history of § 14-295 shows multiple damages were conceived as a sub-species of punitive damages.

To determine whether multiple damages may be recovered for vicarious liability under Conn. Gen. Stat. § 14-295, a two-step inquiry is necessary. First, the Court inquires whether § 14-295 should be read to abrogate the common law bar to vicarious liability for punitive damages.[5] Second, the Court inquires whether multiple damages should be treated as a sub-species of punitive damages, or, as Plaintiff argues, whether statutory multiple damages are separate and distinct from punitive damages.

In *Matthiessen v. Vanech*, the Connecticut Supreme Court addressed a plaintiff's contention that Conn. Gen. Stat. § 52-183[6] created not only an evidentiary presumption but, by reference to "recklessness," abrogated the common law bar to recovery of punitive damages. 266 Conn. 822, 840 (2003). The court held that

> Section 52–183 does nothing more than create a rebuttable presumption of [a principal-agent relationship] between the owner and the operator of a motor

---

[5] There is no dispute that at common law, there is no vicarious liability for punitive damages. *Gionfriddo v. Avis Rent A Car System, Inc.*, 192 Conn. 280, 285 (1984).

[6] This section provides that where an employee operates an employer-owned vehicle, the "operator shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment" in any action for damages brought against the non-operator owner "for the negligent or reckless operation of [that] motor vehicle. . . ." (Conn. Gen. Stat. § 15-183).

>vehicle . . . which, under the common-law principle of respondeat superior, renders the owner *vicariously liable for compensatory damages* arising out of the negligent and reckless conduct of the operator, *but not vicariously liable for punitive damages stemming from that conduct.*

*Id.* at 840 (emphasis in original).

The court noted that it construes statutes narrowly to avoid abrogation of the common law, and under the common law, "the owner of a motor vehicle is not vicariously liable for punitive damages resulting from the driver's reckless operation of the vehicle." *Id.* at 826-27, 839. It reasoned that the purpose of § 52-183 was to shift the evidentiary burden with respect to proving an agency relationship to advantage plaintiffs seeking *compensatory* damages, but to grant them nothing further. "Nothing in the statute suggests that the nonoperator owner of a motor vehicle may be held liable for any damages other than those customarily assessed against an employer for the tortious conduct of an employee, namely, compensatory damages." *Id.* at 840.[7]

---

[7] There is a further complication that Defendants address in their motion to dismiss and to which Plaintiff offers no response. In 2003, the same year that *Matthiessen* was decided, the Connecticut legislature amended § 14-295 to add the final sentence, "[t]he owner of a rental or leased motor vehicle shall not be responsible for such damages unless the damages arose from such owner's operation of the motor vehicle." From this amendment, some plaintiffs have argued that the Senate's willingness to exempt owners of leased vehicles from liability under this statute indicates that it intended to permit actions to run against other kinds of owners, including employer-owners whose employees operated a vehicle recklessly. In their motion, Defendants anticipate and deflate this argument, without subsequent opposition from Plaintiff, by explaining that this exemption was necessary to relieve owner-lessors of liability that was statutorily imposed by the Connecticut legislature in Conn. Gen. Stat. § 14-154a, which made owner-lessors liable for any injury caused by their lessees, including double and treble damages under § 14-295. By contrast, no statute had ever made employer-owners vicariously liable for the recklessness of their employees-drivers, so there was no need for statutory relief. *See e.g. Reis v. Hendel*, No. HHD-CV-10-6016353-S (Conn. Super. Ct. Hartford, Sept. 7, 2011, Sheldon J.)

While *Matthiessen* supports the conclusion that § 14-295 should not be read to abrogate the common law bar on recovery of punitive damages for vicarious liability, it does not squarely answer whether statutory multiple damages can be vicariously imposed. In *Collette v. Forgotch*, the trial court concluded that *Matthiessen* applied to § 14-295 as well and refused to "read by implication into the construction of § 14–295 what the legislature failed expressly to state: that all non-operator owners may be liable for double or treble damages based on the reckless conduct of its agents." No. HHDCV156056303, 2016 WL 785551 at *4 (Conn. Super. Ct. Feb. 2, 2016 (Elgo, J.)).

The *Collette* court rejected the argument that statutory multiple damages and punitive damages are distinct, concluding that multiple damages under § 14-295 are punitive in character as *Matthiessen* had characterized them. In its examination of the history of § 14-295, it noted that the purpose of § 14-295's 1797 predecessor statute was "penal and remedial" and concluded that multiple damages are available "only against those who drive recklessly." *Id.*; *see also Hopwood v. Sciaretta*, No. CV0100075934S, 2002 WL 1837931 (Conn. Sup. Ct. July 11, 2002, Lager J.) (since its 1797 antecedent, the multiple damages made available by § 14-295 have been considered punitive in nature: "the triple damages are given the injured party, not as compensation for the injury done him, but as a punishment of the defendant for an offense committed against the State.").

Although the Connecticut Supreme Court has not yet addressed the availability of multiple damages for vicarious liability under § 14-295, this Court anticipates that it would apply its reasoning in *Matthiessen* by analogy to § 14-295: since this statute does not explicitly abrogate the common law and since the statutory multiple damages made available by §14-295 are punitive in

12

nature, STA cannot be vicariously liable for statutory multiple damages predicated on Defendant Pryce's allegedly reckless conduct.

### III. Conclusion

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss Counts Two and Three alleging common law recklessness and statutory recklessness against Ms. Pryce. The Court GRANTS Defendant's motion to strike Plaintiff's request for "exemplary, double, and/or treble damages and the costs, disbursements, and attorneys' fees attendant to this action" in Count Four alleging negligent hiring, supervision and retention against STA and permits it to pursue compensatory damages only. The Court GRANTS Defendant's motion to dismiss Court Five alleging statutory recklessness against STA.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of March, 2017.